DÍAZ ET AL., PETITIONERS AND APPELLEES, *v.* CIVIDANES, OPPOSER AND APPELLANT.

APPEAL from the District Court of Guayama in Administration Proceedings—Accounting.

No. 1659.—Decided June 19, 1917.

ADMINISTRATION—ACCOUNTS OF ADMINISTRATOR—RECONSIDERATION—APPEAL.—
    An order in administration proceedings overruling a motion of the opposer for reconsideration and modification of the terms or conditions upon which he was granted a reconsideration of two rulings made a year before relating to the accounts of the temporary administrator for final approval, the first ruling, after an examination of the accounts, being an order that the interested parties be summoned to state whether they would agree that the administrator be paid an additional amount for his services and the second an order discharging him from all responsibility and canceling his bond be-

cause no claim had been made against him, is not a final judgment; therefore an appeal from said order should be perfected within the ten days allowed by paragraph 3 of section 295 of the Code of Civil Procedure.

The facts are stated in the opinion.

*Messrs. C. Domínguez Rubio, Miguel Zavaleta* and *Eduardo Acuña* for the appellant.

*Mr. Tomás Bernardini de la Huerta* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

On May 26, 1915, Rafael Palés Díaz was appointed judicial administrator of the estate of Rufina Molinaris y Sánchez, and the surviving spouse, Manuel Cividanes, appealed from the order. Genaro Cautiño was then made temporary administrator pending decision of the appeal and served until December 22 of the same year, on which date he resigned with the request that his accounts be approved. On the day following Rafael Palés Díaz was named in the same temporary capacity.

An order dated December 27 outlines the results gathered by the district judge from the books, pass-books, canceled checks, correspondence, and accounts of the administration delivered by Cautiño, allows him a certain amount as commissions earned, comments on the inadequacy thereof, suggests the propriety of a further allowance with the approval of all parties concerned, and directs that such parties be required to state whether they are agreed to such additional compensation.

Another order entered on January 31, 1916, reads in part as follows:

"WHEREAS, Genaro Cautiño has resigned the appointment conferred upon him by this court as temporary administrator of the estate of Rufina Molinaris de Cividanes, deceased, making it necessary to appoint another person, the court appoints Rafael Palés Díaz to substitute him as such administrator;

"WHEREAS, According to the report of the said temporary administrator, Palés Díaz, all of the property belonging to the administration has been delivered to him by Cautiño and he observed at

the time of such delivery that said property had been greatly improved under the administration of Cautiño;

"WHEREAS, No claim of any kind has been set up against said Cautiño by the persons interested;

"THEREFORE, The court discharges said Cautiño from all responsibility of said administration and cancels the bond given by him to secure the faithful performance of his duties as such administrator."

On October 4, 1916, pending approval of the accounts rendered by Palés as administrator *ad interim,* Cividanes, who, pursuant to the decision of this court, had assumed the duties of judicial administrator, moved that Cautiño be required within a definite period to present his accounts as the predecessor of Palés in the temporary administration, or, in the alternative, if such accounts had been presented, as to which Cividanes professed to be uninformed, then that he be furnished the same for examination. By order of the judge he was notified that Cautiño's accounts were on file in the clerk's office since the date of his resignation.

On October 5 appellant moved that pursuant to section 55 of the Law of Special Proceedings all parties interested in the estate be cited for the final settlement of the accounts of Cautiño, and the court again directed that petitioner be notified that the accounts in question had been duly filed and since the date of such filing had been and were at the disposition of interested parties and open to examination in the clerk's office.

On January 31, 1917, appellant again moved that the order of January 31, 1917, be set aside and that Cautiño be required to render his accounts in due form, giving Cividanes an opportunity to contest the same.

The ruling of the court, in so far as pertinent, reads:

"In regard to the second part of the motion—that is, that the mover, Cividanes, be permitted to examine the accounts presented by Cautiño and filed in this court—the court decides to allow Manuel Cividanes to examine said accounts, to take all such notes from the same as he may deem necessary and to examine the balances which appear from the books; but as these accounts were presented in

due time, were available to the public in the office of the secretary for the time required by law and were approved by the court after notice of their presentation had been posted on the bulletin board of the court, and no objection had been made to them, the court considers that the motion now made to allow objections to these accounts after the parties had all necessary opportunity to make such objections as they may have thought proper, comes too late.''

The appellant in yet another motion substantially to the same effect sets forth certain additional grounds as follows:

''That the objection to a part of the account presented by Palés in the above-entitled administration is set for to-day.

''That the first account objected to is the account of the Banco Crédito y Ahorro Ponceño and the first objection relates to the form and manner in which the said accounts have been carried and the difficulty which the opposer has had in making a reasonable objection to the same due to the fact that the accounting of Palés cannot be said with certainty to be based on the balances of the accounts presented by Cautiño.

''That the account of Cautiño was approved by this court without hearing the interested parties and although the presumption is in favor of the same, the mover desires an opportunity to examine and object to the said accounts or have a correction made therein which would greatly facilitate the examination of the account of Palés; but this cannot be done unless the court suspend its order approving said accounts and permit Cividanes to examine them and take their balances as a basis for the accounting of Palés.''

Thereupon the court, likewise on January 31, 1917, makes the following statement and concession with conditions annexed:

''The court has heard the motion and the mover.

''It is the desire of the court to give to all the parties an opportunity in this case to examine in detail everything connected with it.

''The court will grant the motion but considers that notice of the same, together with a copy of the report, should be served on Cautiño, inasmuch as the capacity of Cautiño as administrator is attacked and he should have an opportunity to defend himself.

''In presenting the accounts Cautiño stated to the court that he could not strike a balance because Cividanes refused absolutely to deliver to him the books and vouchers of the latter's administration,

hence Cividanes failed to put Cautiño in a position to strike an exact balance by refusing to deliver said books.

"The court considers that it should grant the motion, as it does, and that a copy thereof should be delivered to Cautiño for his information so that he may appear before the court and explain why he did not close the balances. Consequently, the court considers that it should enter the following

"ORDER:

"That Cautiño be cited to appear before this court on the 5th day of February, 1917, to give his reasons for not rendering the accounts in the form required by Cividanes, and it is ordered also that within three days from this date Cividanes put at the disposal of Cautiño all the books which he had during his administration prior to that of Cautiño, together with his vouchers, accounts and other papers, so that in beginning his accounts Cautiño may take as a basis the accounts which really existed as alleged by the attorney for Cividanes and not the summary delivered by Cividanes."

On February 21 appellant moved for a reconsideration and modification of the order last above mentioned and the present appeal is from an order dated February 24, of which appellant received notice on the same day, denying such motion.

The notice of appeal was served on March 13, and a motion to dismiss, having been noticed for hearing on June 11, was by this court set for the 12th, the day already fixed for the hearing of the appeal.

This motion is based on subdivision 3 of section 295 of the Code of Civil Procedure, which, in so far as pertinent, provides:

"Sec. 295.—An appeal may be taken to the Supreme Court from a district court:

"1. From a final judgment in an action or special proceeding commenced in the court in which the same is rendered, within one month after the entry of judgment.

"2. * * *.

"3. From an order granting or refusing a new trial; from an order granting or dissolving an injunction; from an order refusing to grant or dissolve an injunction; from an order dissolving or

refusing to dissolve an attachment; from an order granting or refusing to grant a change of the place of trial; from any special order made after final judgment; and from an interlocutory judgment in actions for partition of real property, within ten days after the order or interlocutory judgment is made and entered on the minutes of the court or filed with the secretary."

Appellant, in answer to this motion, insists that the order appealed from is a final judgment in a special proceeding within the meaning of subdivision 1.

Sections 55 to 57, inclusive, of the Law of Special Proceedings governing the procedure in cases of this kind read as follows:

"Sec. 55.—Whenever the administrator or executor shall have completed his liquidation of the estate, or resigns, or is removed, or for any reason ceases to be such administrator or executor, he shall file with the court a final account sworn to by him and accompanied by proper receipts and vouchers, which shall likewise be open for inspection. On filing such final account all parties interested in the estate shall be cited to the end that they may attend the final settlement of his account and the return of his bond or cancellation thereof.

"Sec. 56.—Eight days after the service of citations to be issued upon the order of the judge of said court, if no objections be filed to such account, if in the opinion of the court the account is just and correct, an order approving the same shall be entered, discharging the administrator from responsibility, and canceling the bond or other security which he has given. Should objections be filed to the account, the matter shall be brought on for a hearing and proof taken and the account approved or disapproved as the law and facts my justify.

"Sec. 57.—The district court shall make a final order, either approving the account as rendered, or modifying and amending it, and charging the executor or administrator as law may require, and an appeal may be taken from such final order."

Conceding that either or both of the orders of dates December 27, 1915, and January 31, 1916, were final, as seems to have been the intention and understanding of the district court, certainly an order entered a year later reopening mat-

ters apparently closed by such previous action cannot be regarded as in any sense a final judgment, and, *a fortiori*, the order appealed from herein, refusing to reconsider the imposition of terms upon which the reopening of the Cautiño accounts for final settlement was granted, can hardly be said to amount to a final decree. Such action of the district court, invoked and now complained of by appellant, can operate if at all only to initiate anew this feature of the special proceeding involved herein, and cannot, upon any reasonable hypothesis, be held to constitute a final determination of the question at issue.

Inasmuch as the appeal was not perfected within the ten days allowed by subdivision 3 of section 295, we need not consider how far appellant otherwise might have been heard to complain on the theory of an order granting or refusing a new trial or of a special order made after final judgment.

In any view of the matter and without reference to the merits of the appeal, the same must be

*Dismissed*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.